UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                               CASE NO: 6:10-bk-07864
H.R.S. HOTELS CORPORATION,        Chapter 11

     Debtor.
_____/

## EMERGENCY MOTION FOR USE OF CASH COLLATERAL; GRANTING REPLACEMENT LIEN AND ADEQUATE PROTECTION

COMES NOW the Debtor, H.R.S. HOTELS CORPORATION., Debtor-in-possession (hereinafter referred to as the "Debtor" or "H.R.S. Hotels Corporation"), by and through its undersigned attorney, and files this Emergency Motion (the "Motion") seeking entry of an interim order (a) authorizing the Debtor to use cash collateral of Community Bank of the South, a Florida for profit corporation (hereinafter referred as the "Bank"), which holds a first mortgage on Debtor's Motel Property, on an interim and final basis on the motion (b) authorizing the Debtor to use the cash collateral of U.S. Small Business Administration, a U.S. Federal Agency, which holds a second mortgage on the Motel Property (hereinafter referred to as "SBA"), (c) granting replacement line and (d) granting adequate protection to the Debtor's pre-petition secured first mortgage loan of the Bank and the second mortgage loan of SBA, with respect to, inter alia, such use of the Bank's cash collateral and any diminution in the value of its pre-petition collateral.

### CHAPTER 11 CASE

1.      The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on May 7th, 2010 and remains in possession and continues to operate its business pursuant to 11 U.S.C. Sections 1107 and 1108.

### JURISDICTION

2.      This Court has jurisdiction to consider this matter under 28 U.S.C. § 157 (b) (2) (M) and 1334.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b) (2)

4. Venue of this proceeding and this Motion in this court is proper under 28 U.S.C. § 1408 and 1409.

5. The statutory basis for the relief requested herein are sections 105, 361, 362 and 363 of title 11 of the United States code (the "Bankruptcy Code"), Rules 2002, 4001, 6003 and 9014 of the Federal Rules of the Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court of the Middle District of Florida.

### REQUESTED RELIEF

6. By this Motion, the Debtor seeks entry of the cash collateral order granting the following relief without limitations:

    (a) <u>Authority to use the Bank's Collateral:</u> Authorizing the Debtor to use the Bank and SBA's cash collateral pursuant to sections 361 and 363 of the Bankruptcy Code

    (b) <u>Adequate Protection:</u> Approving the form of Adequate Protection to be provided to the Bank and SBA a pre-petition secured lender, pursuant to sections 361, 362, 363 and 364 of the Bankruptcy Code.

    (c) <u>Replacement of Lien:</u> Approving the form of replacement lien to be given to the Bank and SBA pursuant to section 1205 of the Bankruptcy Code by way of adequate protection.

    (d) <u>Priority over Adequate Protection and Replacement Lien:</u> Adequate protection and replacement lien to be given to the Bank and SBA for use of its collateral shall not have priority over administrative costs as defined in section 1205, incurred by the Debtor in protecting the value of the Debtor's

property for preserving the value of the property for the benefit general body of the creditors of the Debtor's estate including court costs, trustee fees and Debtor's attorney fees.

**DEBTOR'S BUSINESS BACKGROUND**

7.   (a)   Debtor owns and operates a motel business under the name of Motel 6, comprising of eighty-four (84) rooms. The Debtor has been operating its motel business since January, 1987.

(b)   The present market value of the motel, having due regard to the present depressed economic conditions and severe down turn in the tourist business, is $2,300,000.00.

(c)   On or about July 16, 2004 the Debtor, in the ordinary course of business, executed and delivered to the Bank a Promissory Note, Mortgage, Security Agreement and Assignment of Rents, Lease and Profit (collectively referred to as the Bank loan documents)securing to the Bank a mortgage loan in the sum of $1,000,000.00 payable with interest at the rate of 7.50% by monthly installment of $8,055.93. The interest rate on the loan to be charged on unpaid principal after July 16, 2009 to July, 2019 to be based on Prime rate as published on the Wall Street Journal.

(d)   On or about February 2006, the Debtor, in the ordinary course of business executed and delivered to SBA a Promissory Note, Mortgage, Security Agreement and Assignment of Rents, Lease and Profit (collectively referred to as the SBA loan documents) securing the SBA mortgage loan in the sum of $554,900.00 payable with interest at the rate of 3.9% by monthly installments of $3,300.00 per month, which payment the SBA has now

reduced to $1,632.00 until economic conditions improve to assist the Debtor to overcome its financial difficulties.

(e) Presently the Debtor owes to the Bank on the mortgage is $896,360.92.

(f) The current prime rate is 7.5%. The Debtor proposes to continue to pay to the Bank the rate of 7.50% which is higher than 6.50% being paid on the similar loans.

## ADEQUATE PROTECTION

1. The Debtor alleges that the monies owed to the bank under the mortgage is $896,360.92. The value of the Debtor's motel business, real property, tangible assets is in the approximate value of $2,300,000.00 and amount owed by the Debtor's to the Bank is $896,360.92.

2. It is respectfully submitted that the Bank has in excess of fifty percent (50%) equity cushion in the motel property.

3. It is respectfully submitted that the SBA has in excess of twenty-five percent (25%) equity cushion in the motel property.

4. The Debtor's business is conducted on cash basis, and therefore pre-petition account receivable is negligible, and whatever pre-petition receivables due the Debtor constitutes property of the estate within the meaning of 11 U.S.C. Section 541 of the Bankruptcy Code.

5. As requested herein, the Debtor seeks limited authorization to use the Bank and the SBA's collateral in order to operate its business and make other payments that arise in the administration of this Chapter 11 case and in the ordinary course of business. Pursuant to § 363 (b)(2)(B) of the Bankruptcy Code, the Debtor requests that this court authorize and approve Debtor's use of the proceeds of the accounts receivables,

-4-

IJ \PCP\Bankruptcy\H.R.S. HOTELS CORPORATION\2010-05-10 Emergency Motion to Use Cash Collateral and Provide Adequate Protection.wpd

rents and profits in which the Bank and SBA hold a security interest and as specifically set forth in monthly Debtor's cash collateral operating budget. The Debtor seeks to use of the Bank and SBA's cash collateral to preserve the value of the Bankruptcy estate and the benefits of the general body of the creditors and rehabilitation and organization of the Debtor.

6. In consequences of the aforesaid the Debtor proposes the following specific adequate protection to the Bank and SBA:

   (a) <u>Replacement Lien</u>: The Bank and SBA shall be given valid, binding, enforceable lien duly perfected security interest in and lien having the same and extent priority as the liens securing the obligations immediately preceding the Petition date upon all the assets of the Debtor not otherwise pledged or encumbered prior to the date of filing of the Chapter 11 Petition.

   (b) With the exceptions for approved all administrative expenses including professional fees including court costs and U.S. Trustees fee and any other administrative expenses ruled by the court as necessary for the preservation of the value of the estate of the Bankruptcy, the Bank shall be given first priority replacement lien on all post-petition receivables and all earned receivables generated post-petition. The SBA shall be given second priority replacement lien on all post-petition receivables and all earned receivables generated post-petition.

   (c) To prevent any diminution in the value of the Bank's pre-petition secured collateral, the Debtor shall continue to make monthly payments of $11,132.00 on the Bank's principal amount which includes interest at the rate of 7.50% per annum, and the Debtor shall continue to make monthly payments of

$1,632.00 on the SBA's principal amount which includes interest at the rate of 3.9% per annum.

## BUSINESS NECESSITY A BEST INTEREST IN USE OF CASH COLLATERAL

(i) <u>"Cash Collateral"</u> as defined by section 363 (a) of the Bankruptcy Code includes post petition proceeds, products, offsprings, rents or profits of property and the fees, charges, accounts or other payment fees for the use or occupancy of rooms or other public facilities in hotels, motels or other lodging properties subject to security interest as provided in Section 522(b) as the terms "proceeds" is described in UCC Section 9-306.

(ii) <u>Necessity and Best Interest</u>. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. The Debtor requires immediate authority to use cash collateral in order to continue its business operation without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of cash collateral to the extent and on terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing of final order is no to exceed the amounts reflected in the Debtor's budget annexed hereto as Exhibit "A"

(iii). Without use of cash collateral, the Debtor will have no ability to operate its business. The Debtor will not be able to pay its vendors and its vendor will likely cease to provide goods and services to the Debtor on credit. The Debtor will not be able fund its payroll. The Debtor will not be able to

employ professional persons for the successful reorganization of its business. Finally, the Debtor will not be able to service its customers. All of these outcomes will cause immediate and irreparable harm to the Debtor's business.

Purpose: The Debtor requests that it be authorized to use cash collateral to meet the ordinary cash needs for the payment of actual expenses of the Debtor necessary to:

(a)   maintain and preserve its assets

(b)   continue operation of its business including payroll, payroll taxes, sales taxes and workers compensation insurance and property and public liability insurance

**WHEREFORE,** Debtor requests that its motion for authorizing use of the Bank and SBA's cash collateral be granted.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to by regular United States Mail on this 4th day of June, 2010 to the following:

H.R.S. Hotels Corporation, 4150 King Street, Cocoa, FL 32926
David L. Wildman, Esquire, P.O. Box 1029, Melbourne, FL 32902
U.S. Small Business Administration, 2120 Riverfront Drive, Suite 100, Little Rock, AR 72202
U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801

STRAUS & PATEL, P.A.
118 West Orange Street
Altamonte Springs, FL 32714
Telephone: (407) 331-5505
Facsimile: (407) 331-6308

By: _____
Prabodh C. Patel, Esq.
Florida Bar Number: 559296
**Attorney for Debtor**

H.R.S Hotel Corporation
Cash Flow Projection
Months: May, 2010 to August, 2010

| DESCRIPTION | May, 2010 | June, 2010 | July, 2010 | August, 2010 |
|---|---|---|---|---|
| Revenue: | $56,300.00 | $57,670.00 | $59,750.00 | $61,200.00 |
| EXPENSES: | | | | |
| *Fixed:* | | | | |
| Officer Salaries | ($6,750.00) | ($6,750.00) | ($6,750.00) | ($6,750.00) |
| Advertising | ($267.00) | ($267.00) | ($267.00) | ($267.00) |
| Insurance Expense | ($2,229.00) | ($2,229.00) | ($2,229.00) | ($2,229.00) |
| Television | ($706.00) | ($706.00) | ($706.00) | ($706.00) |
| Legal & Professional | ($550.00) | ($550.00) | ($550.00) | ($550.00) |
| Telephone | ($417.00) | ($417.00) | ($417.00) | ($417.00) |
| Property Taxes | ($1,816.00) | ($1,816.00) | ($1,816.00) | ($1,816.00) |
| Pest Control | ($84.00) | ($84.00) | ($84.00) | ($84.00) |
| Tangible Taxes | ($233.00) | ($233.00) | ($233.00) | ($233.00) |
| Lawn Maintenance | ($134.00) | ($134.00) | ($134.00) | ($134.00) |
| *Variable* | | | | |
| Wages | ($8,235.00) | ($8,442.00) | ($8,755.00) | ($8,972.00) |
| Electric | ($484.00) | ($494.00) | ($513.00) | ($525.00) |
| Franchise Fee | ($4,010.00) | ($4,112.00) | ($4,264.00) | ($4,370.00) |
| Gas | ($572.00) | ($584.00) | ($606.00) | ($620.00) |
| Water & Garbage | ($1,051.00) | ($1,078.00) | ($1,118.00) | ($1,146.00) |
| Repairs & Maintenance | ($616.00) | ($629.00) | ($652.00) | ($668.00) |
| Supplies | ($2,468.00) | ($2,528.00) | ($2,621.00) | ($2,687.00) |
| Taxes - Payroll - Employer Portion | ($1,146.00) | ($1,162.00) | ($1,187.00) | ($1,203.00) |
| Resort Tax | ($2,674.00) | ($2,741.00) | ($2,843.00) | ($2,913.00) |
| Sales Tax | ($3,288.00) | ($3,370.00) | ($3,495.00) | ($3,582.00) |
| Credit Card Charges | ($1,086.00) | ($1,090.00) | ($1,100.00) | ($1,125.00) |
| Printing & Stationery | ($44.00) | ($50.00) | ($55.00) | ($60.00) |
| Travel | ($80.00) | ($100.00) | ($120.00) | ($125.00) |
| Office Expenses | ($62.00) | ($65.00) | ($70.00) | ($75.00) |
| | $17,298.00 | $18,039.00 | $19,165.00 | $19,943.00 |
| Mortgage - Community Bank | ($11,132.00) | ($11,132.00) | ($11,132.00) | ($11,132.00) |
| Mortgage - Small Business Assoc | ($1,632.00) | ($1,632.00) | ($1,632.00) | ($1,632.00) |
| Net Cash Flow | $4,534.00 | $5,275.00 | $6,401.00 | $7,179.00 |

Exhibit A