UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 10-7864-6J1

In the Matter of:

H.R.S. HOTELS CORPORATION

    Debtor.

_____/

## OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL, GRANTING REPLACEMENT LIEN AND ADEQUATE PROTECTION (DOC. #22)

COMES NOW COMMUNITY BANK OF THE SOUTH ("Community"), by and

through its undersigned attorneys, and files this its Objection to the Debtor's Emergency Motion

for use of cash collateral, granting replacement lien, and adequate protection (Doc. #22), and as

grounds therefor would state as follows:

1.    Prior to bankruptcy, Community filed a mortgage foreclosure action seeking to

foreclose a first and second mortgage.

2.    The total sums due Community on the first and second mortgage are

$1,064,251.91.

3.    Community also has an assignment of all motel rents which are cash collateral.

4.    Prior to the filing of bankruptcy, Community filed an emergency motion on May

6, 2010, for the appointment of a receiver.

5.    The next day, this Chapter 11 was filed and Community believes this is a bad faith

filing.

6.    The last time Debtor made a payment to Community was on December 2, 2009

for $8,000 and December 18, 2009 for $3,000, which were for October payments.

7.     At the 341 meeting, Debtor indicated he is holding cashier's checks not scheduled of $30,000 (Debtor estimated this), and same represents cash collateral.

8.     It is believed Debtor has misused the motel rents to fund another motel and this is why Debtor has failed to pay mortgage payments.

9.     The bank disagrees the real property has a value in excess of $1,250,000, but believe the value is dropping, not increasing.

10.     In addition, the Debtor failed to pay the real property taxes since 2008 through 2009.

11.     The Debtor also financed the insurance premiums to pay the insurance premiums. Debtor has stopped making the payments so the financing company could seek to lift stay to cancel the policy to reduce its claim. Additionally, typically there is collateral provided and none has been disclosed.

12.     Debtor has also failed to account on the use of rents for six months prior to bankruptcy.

13.     The amount proposed as adequate protection will not provide adequate protection, even if the rents continue post petition as collateral.

14.     The adequate protection should also include payment to the bank of the real property taxes (budgeted at $1,816 per month), as well as a requirement for insurance and all excess monthly sums not needed to fund motel operations.

I HEREBY CERTIFY that a true copy of the foregoing was furnished by United States Mail and/or electronic transmission to Prabodh C. Patel, Esquire, 118 West Orange St., Altamonte Springs, Florida 32714; U.S. Trustee, 135 W. Central Blvd., #620, Orlando, Florida

32801; David Wildman, Esquire, and H.R.S. Hotels Corporation, 4150 Kings St., Cocoa, Florida

32926 this 10th day of June, 2010.

RAYMOND J. ROTELLA, OF
KOSTO & ROTELLA, P.A.
POST OFFICE BOX 113
ORLANDO, FLORIDA 32802
TELEPHONE 407/425-3456
FACSIMILE 407/423-5498
FLORIDA BAR NO. 157951
ATTORNEYS FOR Community Bank of the South