UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 10-7864-6J1

In the Matter of:

HRS HOTELS CORPORATION

Debtor.
_____/

## COMMUNITY BANK OF THE SOUTH'S
## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

COMMUNITY BANK OF THE SOUTH ("Community Bank"), by and through its undersigned counsel, pursuant to Rule 3020 and 9014, F.R.B.P., files its objection to confirmation of Debtor's Chapter 11 Plan (Doc. #65), and states:

1. The Debtor's Chapter 11 Plan (the "Plan") cannot be confirmed because for the reasons set forth below, the Debtor cannot satisfy the requirements of 11 U.S.C. §1129(a).

2. The Plan does not comply with Section 1129(a)(8) because the Plan has not been accepted by each impaired class. Community Bank has voted to reject the plan pursuant to its Class 8 secured claim.

3. The Plan does not comply with Section 1129(a)(7) because the Plan does not propose to pay Community Bank the full amount of its secured claim. Under the Plan, the Debtor proposes to pay Community Bank $896,360 for its first and second mortgages. The total amount actually due Community Bank for the first mortgage is $950,601.90 with per diem since September 20, 2010 of $448.08, and on the second mortgage $65,500.79 with per diem since September 20, 2010 of $31.01. Section 1129(a)(7) requires that an impaired creditor receive under the Plan property of a value that is not less than the amount such creditor would receive if

1

the Debtor were liquidated. According to Debtor's Disclosure Statement, the value of the real property securing Community Bank's claim is $1,600,000. Thus, pursuant to Section 506(b), Community Bank is entitled to include in its secured claim post-petition interest, attorney fees, and costs.

4.  The Plan does not comply with Section 1129(a)(11) because it is not feasible and the Debtor cannot show that confirmation of the Plan is not likely to be followed by liquidation. Under Section 1129(a)(11), a Debtor must prove that its plan has a reasonable assurance of success based on objective facts. In re D & G Investments of West Florida, Inc., 342 B.R. 882 (Bankr.M.D. Fla., 2006). In the instant case, the Debtor has failed to meet its burden of proving that the Plan has a reasonable assurance of success based on objective facts. Based on the Debtor's historical performance, as evidenced by its Chapter 11 monthly operating reports, the Plan is not likely to succeed. As such, the Plan fails to satisfy Section 1129(a)(11).

5.  As set forth above, the Debtor's Plan does not satisfy the requirements of Section 1129(a) and therefore, the Court should deny confirmation of the Plan.

6.  Furthermore, the Debtor cannot achieve confirmation of the Plan over the objections filed in this case because the Plan does not comply with Section 1129(b) of the Bankruptcy Code. The Plan is not fair and equitable as it does not propose commercially reasonable terms for the payment of BB&T's claim. First, the Plan does not propose to pay a commercially reasonable rate of interest in its offer to pay 6.5%. Also, Community Bank's loans are not available for nine year balloons. In light of the Debtor's historical earnings and the high likelihood of default, together with the volatility of the current real estate market, the proposed interest rate of 6.5% is too low. Finally, the accumulated interest as of September 20, 2010 for

the first mortgage is $45,782.48 with 8,458.50 and for the second mortgage $558.18 plus $2,922.39. The Plan makes no provision to cure these accumulations.

7. For the reasons set forth above, Community Bank requests that this Court deny confirmation of the Plan.

WHEREFORE, Community Bank requests that the Court enter relief requested above.

I HEREBY CERTIFY that a true copy of the foregoing was furnished by United States Mail to United States Trustee, 135 W. Central Blvd., #620, Orlando, Florida 32801; HRS Hotels Corporation, 450 W. King St., Cocoa, Florida 32922; and Prabodh Patel, Esquire, 118 W. Orange St., Altamonte Springs, Florida 32714 this 27 day of October, 2010.

```
RAYMOND J. ROTELLA, OF
KOSTO & ROTELLA, P.A.
POST OFFICE BOX 113
ORLANDO, FLORIDA 32802
TELEPHONE 407/425-3456
FACSIMILE 407/423-5498
FLORIDA BAR NO. 157951
ATTORNEYS FOR Community Bank of the South
```