# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE:                               CASE NO: 6:10-bk-07864-KSJ

H.R.S. HOTELS CORPORATION,      Chapter 11

Debtor.

_____/

## AFFIDAVIT OF KRISHAN CHHABRA IN SUPPORT OF CONFIRMATION OF THE PLAN OF REORGANIZATION OF DEBTOR, H.R.S. HOTELS CORPORATION

BEFORE ME, the undersigned Notary Public, personally appeared, KRISHAN CHHABRA, who, after being first duly sworn, deposes and says:

1.      My name is KRISHAN CHHABRA and I am the President of the Debtor, H.R.S. HOTELS CORPORATION.

2.      I am over the age of 21 years; I am fully competent to make this declaration; and unless otherwise stated, I have personal knowledge of the facts set forth in this Affidavit.

3.      I make this declaration in support of the Plan of Reorganization of the Debtor, H.R.S. HOTELS CORPORATION.

4.      On May 7, 2010, Debtor, H.R.S. HOTELS CORPORATION (Debtor "HRS"), filed its voluntary Chapter 11 Bankruptcy Petition and remains as debtor-in-possession.

5.      As President of Debtor, HRS, I am familiar with the business operation and assets of the Debtor, HRS. My duties as President include management of the entire business operation of the Debtor, HRS, preparation of financial statements and duly supervision of financial affairs.

6.      I am also familiar with and participated in the negotiations leading to the terms

and conditions of the Plan of Reorganization of the Debtor, HRS, and Disclosure Statement (the "Disclosure Statement"). More specifically, I was directly responsible for supervising the preparation of financial projections and the liquidating analysis contained in those documents and I reviewed them for accuracy and completeness.

7.     The Debtor, HRS's Plan of Reorganization includes the following features:

A.     Administrative claims which consists of:

(1)     U.S. Trustee's fees which will be paid in fully within thirty (30) days from the date of confirmation of the Plan.

(2)     Debtor's attorney's fees and costs for services rendered to the bankruptcy estate of Debtor, HRS, including costs and disbursements. Debtor, HRS, will pay the attorney's fees and costs in two equal monthly installments and will be paid in full within sixty (60) days after the date of confirmation of the Plan.

(3)     Debtor's Accountant Herman Singh's fees will be paid within sixty (60) days after confirmation of the Plan.

B.     The allowed claims of Debtor, HRS, are as follows:

| CLASS | | AMOUNT |
|---|---|---|
| 1. | Administrative claims, excluding U.S. Trustee's fees | $   30,212.06 |
| 2. | Unimpaired claim | $   11,950.00 |
| 3. | Secured claims | $1,684,617.40 |
| 4. | Unsecured claims | $   105,938.08 |
| | | $1,832,717.54 |

C.     The Debtor, HRS's monthly obligations for payment of the aforesaid

-2-

claims, apart from Administrative Claims, are as follows:

| | CLASS | AMOUNT |
|---|---|---|
| 1. | Premium Payment Plan | $ 2,357.70 |
| 2. | Internal Revenue Service | $ 1,541.00 |
| 3. | Brevard County Tax Collector | $ 609.85 |
| 4. | Investments 2234, LLC | $ 736.30 |
| 5. | Investments 2234, LLC | $ 85.63 |
| 6. | Brevard County Tax Collector | $ 380.90 |
| 7. | Florida Department of Revenue | $ 470.70 |
| 8. | Community Bank of the South | $ 11,132.15 |
| 9. | U.S. Small Business Administration | $ 3,242.00 |
| 10. | Unsecured Claims | $ 1,765.65* |
| | Total Monthly payments under the Plan | $ 22,321.88 |

* Calculated monthly; paid quarterly

8.     The Debtor, HRS, intends to fund the Plan based upon revenue received in the conduct of the business. Debtor, HRS, as a result of the restructuring contemplated by the Plan of Reorganization, will substantially reduce its debt service requirements annually and therefore will be better placed to compete effectively in the market place.

9.     Liquidating Analysis: The methodology utilized in preparing the liquidating analysis involved comparing the liquidation value of assets and measuring them against the security interest in the assets. To the extent that the liquidating value exceeded the security interest, that amount was available for a pool comprised of deficiencies on other secured assets and unsecured creditors. In all cases the liquidating analysis yield the result that the amount of

U:\PCP\Bankruptcy\H.R.S. HOTELS CORPORATION\Affidavit of Krishan Chhabra.wpd

liquidating value in excess of the security on such property provided deminimus remainder for unsecured and under secured creditors.

10.  Pending Litigation: There is a pending mortgage foreclosure action instituted by Community Bank of the South against the Debtor, HRS, in the Circuit Court of Brevard County, Florida (Case No: 2010-CA-012307-X). The claim of Community Bank of the South has been incorporated in the Debtor's Plan of Reorganization.

11.  Confirmation Requirements: I have reviewed the Plan with my attorney as well as the legal requirements for confirmation and believe that the plan is confirmable as follows:

A.  PLAN COMPLIANCE - SECTION 1129(a)(1) The Plan complies with the applicable provisions of the Code. By way of example, the Plan: (1) designates, subject to Bankruptcy Code § 1122 of the Bankruptcy Code, classes of claims and interests; (2) specifies classes that are not impaired and classes that are impaired; (3) specifies the treatment of any classes that are impaired under the Plan; (4) provides the same treatment for each claim or interest of a particular class; and (5) provides adequate means for the Plan's execution.

B.  PROPONENT COMPLIANCE - SECTION 1129(a)(2) The Debtor has complied with all applicable provisions of the Bankruptcy Code. By way of example, Debtor has: (1) performed and complied with the duties imposed under Bankruptcy Code § 1107; (2) solicited acceptances to the Plan only in accordance with Bankruptcy Code § 1125; (3) obtained court orders for the employment of professionals; and (4) complied with the Code and Rules regarding the use, sale and lease of property of the estate.

C.  GOOD FAITH - SECTION 1129(a)(3). The Plan has been proposed in good faith and, to my knowledge, not by any means forbidden by law. Pursuant to the

Bankruptcy Code and local rules, the Court may find the Plan to be proposed in good faith without any further evidence if no objections to confirmation are filed. The Plan has resulted from arms-length bargaining between Debtor's legal counsel and creditors' attorneys. The Debtor and its creditors have acted in good faith and have received no unfair advantage.

D.    PAYMENTS TO PROFESSIONALS - SECTION 1129(a)(4). All payments made, or to be made, by Debtor in connection with this case or in connection with the Plan either have been approved by or are subject to the approval of the Bankruptcy Court. At the hearing on Confirmation, the Court will determine and, to the extent appropriate, allow as reasonable certain fees and costs of administration.

E.    POST CONFIRMATION MANAGEMENT - SECTION 1129(a)(5)

All equity interests, corporate officeholders, and management remain unchanged. Krishan Chhabra will serve as managing member of the Debtor.

F.    GOVERNMENT APPROVAL - SECTION 1129(a)(6). No governmental regulatory commission action is implicated with regard to this plan.

G.    BEST INTEREST OF CREDITORS - SECTION 1129(a)(7). With respect to each Impaired Class of Claims or Interests, each holder of a Claim or Interest of such Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive if the Debtor was liquidated under Chapter 7 of the Code on such date. Specifically, pursuant to the plan all secured and unsecured creditors are being paid 100% of the value of the secured portion of their claim

H.    ACCEPTANCE OF THE CLASS - SECTION 1129(a)(9). Per the ballot

U:\PCP\Bankruptcy\H.R.S. HOTELS CORPORATION\Affidavit of Krishan Chhabra.wpd

-5-

tabulation results, all classes have accepted the plan.

I. PRIORITY CLAIMS - SECTION 1129(a)(9). The Plan provides for payment in full of all allowed Administrative Claims and taxes. Debtor does not believe that any Claims exist which fall into other priority categories as follows: domestic support obligations, involuntary petition claims, wages or commissions earned within 180 days of filing the petition, employee benefit plan claims, claims of those engaged in the production of grain or of fishermen, claims of persons who deposited money with the Debtor for the sale or lease of property or services that were not delivered. The foregoing notwithstanding, the holders of Allowed Claims which fall into such categories shall be paid on the later of the Effective Date, or such date as the respective Priority Claim becomes Allowed. In addition, all administrative expenses due as ordered by the Court at the hearing on Confirmation will be paid in full.

J. ACCEPTANCE BY IMPAIRED CLASS - SECTION 1129(a)(10). I have reviewed the classes of impaired claims under the plan, and at least one impaired class, without including acceptances by insiders, has accepted the plan.

K. FEASIBILITY - SECTION 1129(a)(11). Bankruptcy Code § 1129(a)(11) requires a finding that the Plan is feasible. Specifically the Court must determine that:

> "[C]onfirmation of the Plan is not likely to be followed by the
> liquidation, or the need for further reorganization, of the
> Debtor or any successor to the Debtor under the Plan, unless
> such liquidation or reorganization is proposed in the Plan."

The feasibility test requires the Court to make an independent determination as to whether the Plan is workable and has a reasonable likelihood of success. Feasibility involves the emergence of the reorganized Debtor in a solvent condition and with reasonable prospects of financial stability and success. The feasibility test requires only a showing that the Plan offers a

U:\PCP\Bankruptcy\H.R.S. HOTELS CORPORATION\Affidavit of Krishan Chhabra.wpd

reasonable assurance or probability of success, not a guarantee of success. In re IPC Atlanta Ltd. Partnership, 142 B.R. 547, 560 (Bankr. N.D. GA 1992 (holding that the Court will look to see whether the Debtor can realistically carry out the provisions of the Plan, and whether the plan offers a reasonable prospect of success considering (I) adequacy of capital structure, (ii) earning power of the business, (iii) economic conditions, (iv) ability of management, (v) probability of continuation of the same management, and (vi) any other matters that may affect feasibility.).

In this case, the Plan provides for payment of allowed secured and unsecured claims in installments out of profits derived from the Debtor in the ordinary course of business. It is therefore respectfully submitted that the Debtor meets all the requirements stated in In re IPC Atlanta Ltd. Partnership, supra, namely:

(i) Adequacy of Capital Structure and Earning Power. Debtor owns and operates a motel under the franchise name of Motel 6 comprising of eighty-four (84) rooms. The Debtor has been operating its Motel business since January of 1987. In the year 2006 the Debtor obtained a loan from the U.S. Small Business Administration in the amount of approximately $550,000.00 which sum Debtor utilized to carry out extensive repairs and refurbishing. Therefore the Debtor does not anticipate any major maintenance or replacement of furniture or furnishings in the motel property. The Debtor's current cash flow has been able to meet all of its current operating expenses. Debtor has been in business for more than twenty (20) years and has long established clientele who have been customers of the Debtors for many years. After the Chapter 11 bankruptcy filing, the Debtor has intensified its marking program. Despite the present down turn in the economy and also during the off-season, Debtor has been able to meet all of its current operating expenses.

U:\PCP\Bankruptcy\H.R.S. HOTELS CORPORATION\Affidavit of Krishan Chhabra.wpd

(a) <u>Adequate Protection Payments.</u> Despite its slow seasonal business Debtor has continued to make is monthly mortgage payments. Since filing the Chapter 11 bankruptcy the Debtor has made the following payments to Community Bank of the South by way of adequate protection:

(i) Total payments since 5/7/2010-1st mortgage $90,671.16;

(ii) Total payments since 5/7/2010-2nd mortgage $30,765.20.

In addition to the foregoing monthly mortgage payments to Community Bank of the South, the Debtor has been making the monthly payments of $3,242.00 on the mortgage to the U.S. Small Business Administration.

(b) <u>Management.</u> Krishan Chhabra and his wife, Anjali Chhabra, own 100% of the issued shares of the Debtor, HRS. They will both continue to operate the business of the Debtor, HRS, and therefore able and efficient management of the business is assured. The management and Debtor's accountant, Herman Singh, have carefully analyzed the ability of the Debtor to meet its obligations under the Plan. Therefore, the Plan is workable and has a reasonable likelihood of success and as such satisfies the feasibility requirement of Section 1129(a)(11) of the Bankruptcy Code.

In summary, confirmation is not likely to be followed by liquidation or the need for further reorganization.

L. <u>TRUSTEE FEES - SECTION 1129(a)(12).</u> The Plan provides for the payment of all fees payable under 28 U.S.C. Section 1930, on the effective date of the Plan. The only fees potentially owed by the Debtor are the United States Trustee's quarterly fee for the fourth quarter of 2010.

U:\PCP\Bankruptcy\H.R.S. HOTELS CORPORATION\Affidavit of Krishan Chhabra.wpd

M.   RETIREMENT CLAIMS - SECTION 1129(a)(13). Debtor does not have

any retirement plans.

12.   Post-Confirmation Report. The Debtor expects the Plan to be substantially

consummated within thirty (30) days from the date of the confirmation of the Plan. Once the

Plan has been substantially consummated, Debtor shall file a motion with the Court to obtain a

Final Decree.

Dated: __11/8/10__

By: _____

H.R.S. HOTELS CORPORATION

KRISHAN CHHABRA, President

STATE OF FLORIDA
COUNTY OF SEMINOLE

Sworn and subscribed before this 8th day of November, 2010, by **KRISHAN CHHABRA, as President of Debtor, H.R.S. HOTELS CORPORATION,** who did take an oath and who is known to me as follows:

☐   personally known
☑   or who produced ___FL DL___ as identification



Notary Public
My Commission Expires:

LISA P. ATHER
Notary Public - State of Florida
My Comm. Expires Apr 15, 2013
Commission # DD 860969
Bonded Through National Notary Assn.

U:\PCP\Bankruptcy\H.R.S. HOTELS CORPORATION\Affidavit of Krishan Chhabra.wpd